JAMES LAVIN *vs.* LEANDER E. H. JONES & others.

Suffolk. March 9, 1911. — May 18, 1911.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Negligence,* Employer's liability.

If a person, who has the general control of a house in process of construction, hires a laborer to work in and about the house where it is necessary for him to pass into and from the house over a plank, and the employer takes no pains to see whether the plank is suitable for the purpose, and, if the plank is rotten on its under side and breaks while the laborer in the course of his employment is crossing it with a barrel of refuse, the employer is liable to the laborer for his injuries thus caused, if he was in the exercise of due care.

TORT against four defendants as copartners, who were engaged in a building and real estate business and employed the plaintiff as a laborer, for personal injuries sustained by the plaintiff from the breaking of a plank, alleged to have been rotten on its under side, when the plaintiff in the course of his employment was carrying a barrel of refuse over the plank, which served as the exit from one of a row of houses then in process of construction under the general direction of the defendants, although they employed independent contractors for doing the carpenter's work and the painting. Writ dated July 15, 1907.

In the Superior Court the case was tried before *Sherman, J.* The facts which could have been found upon the evidence are stated in the opinion. At the close of all the evidence, the defendants asked the judge to rule that the plaintiff was not entitled to recover. The judge refused to make this ruling and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $500. The defendants alleged exceptions.

*J. J. Mansfield, (J. J. Gearin* with him,) for the defendants.

*J. P. Magenis, (J. Wentworth* with him,) for the plaintiff.

HAMMOND, J. This case is close; but on the evidence we think the jury might legally find that the defendants hired the plaintiff to work in or about the house; that in the course of his employment he would be called upon to use the plank in question as a way of entrance into and exit from the house and that the defendants had impliedly adopted the plank as fit for that purpose and expected and intended that the plaintiff should so use it. They might further find that the defendants, so expecting and intending, took no pains whatever to see whether the plank was suitable for that purpose; that the plank was not suitable, and that, in failing to take proper care in this respect, the defendants were negligent in the performance of a duty they owed to the plaintiff; that the plaintiff was in the exercise of due care; and that the accident was attributable solely to this negligence of the defendants.

Upon such findings there was a case for the plaintiff.

*Exceptions overruled.*